IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGINALD BULLS, AIS 122949, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-211-ECM-SMD |
| | ) | (WO) |
| CHRIS CONELY, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     INTRODUCTION**

On April 13, 2023, plaintiff Reginald Bulls, a state prisoner in Limestone Correctional Facility in Harvest, Alabama, filed this *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his rights by a state actor. Doc. 1. The sole named defendant in Bulls's complaint is Chris Conely, district attorney for Lauderdale County, Alabama. According to Bulls, in March 2023, Conely made false and defamatory statements about him to a member of the state parole board with the intent to deprive him of a fair parole consideration. *Id*. at 3–4. As explained below, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

**II.    DISCUSSION**

A § 1983 action "may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought [.]" 28 U.S.C. § 1404(a).

Bulls is incarcerated in the Limestone Correctional Facility, which is located in the federal jurisdiction for the Northern District of Alabama. Conley, the only named defendant in this action, is the district attorney for Lauderdale County, which is also located in the federal jurisdiction for the Northern District of Alabama. Thus, all parties reside in the Northern District of Alabama. Bulls identifies no grounds why the factors in 28 U.S.C. § 1404(a) weigh in favor of maintaining venue in the Middle District of Alabama. The undersigned therefore finds that, for the convenience of parties and witnesses and in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama. *See* 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further

---

[1] The court expresses no view on the merits of any claims in Bulls's complaint.

ORDERED that the parties shall file any objections to this Recommendation by **August 8, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of July, 2023.

        /s/ Stephen M. Doyle
        STEPHEN M. DOYLE
        CHIEF U.S. MAGISTRATE JUDGE